**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAVID L. J.,

                Plaintiff,

v.                                                                  5:21-cv-00415 (AMN/ML)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

**APPEARANCES:**                                                    **OF COUNSEL:**

**OLINSKY LAW GROUP**                                               **HOWARD D. OLINSKY, ESQ.**
250 South Clinton St. - Suite 210
Syracuse, NY 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**                                  **CANDACE BROWN CASEY,**
6401 Security Boulevard                                             **ESQ.**
Baltimore, MD 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

Currently before the Court is a motion by Plaintiff for his attorney, Howard D. Olinsky, to receive attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b) (the "SSA"). Dkt. No. 30 (the "Motion"). Defendant Commissioner of Social Security ("Defendant") has responded to the Motion and neither supports nor opposes the requested relief. *See* Dkt. No. 32.

For the reasons set forth herein, the Court grants the Motion in its entirety.

## II. BACKGROUND

On August 2, 2022, the Court granted Plaintiff David L. J's[1] earlier petition, Dkt. No. 26, and issued a judgment awarding Plaintiff's counsel attorneys' fees of $6,647.90 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"), Dkt. No. 29. The Social Security Administration (the "Administration") subsequently issued Plaintiff a Notice of Award, dated October 22, 2024. Dkt. No. 30-3 (the "Award"). Pursuant to the Award, the Administration will pay Plaintiff a lump sum of past-due benefits as well as a monthly benefit going forward. *Id*. at 2. Also as part of the Award, the Administration withheld $22,522.25 from Plaintiff's past-due benefits "in case [they] need[ed] to pay [his] representative." *Id*. at 4. Plaintiff's counsel represents Plaintiff on a contingency-fee basis pursuant to a fee agreement dated April 8, 2021, whereby Plaintiff agreed to compensate his counsel in the amount of 25% of any past-due benefits awarded pursuant to 42 U.S.C. § 406(b). Dkt. No. 30-2 at 2. Plaintiff's counsel avers that attorneys and paralegals spent a total of 34.6 hours working on Plaintiff's case before this Court for which they seek compensation, which reflects an effective hourly rate of $790.66 per hour.[2] Dkt. No. 30-1 at ¶ 9; Dkt. No. 30-4 at 2-4 (Plaintiff's counsel's hours ledger).

## III. STANDARD OF REVIEW

The SSA provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

[2] The 34.6 hours for which Plaintiff's counsel now seeks compensation appear to correspond with the 27.6 attorney hours and 7 paralegal hours for which Plaintiff's counsel received compensation under the EAJA pursuant to the Court's earlier Order. *See* Dkt. No. 26-1 at 2; *see also* Dkt. No. 29.

past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A).[3] "The Second Circuit identified the following factors for a court to consider as a basis for refusing to approve the full amount requested under a contingency fee arrangement: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney." *Karla B. v. Berryhill*, No. 8:18-CV-1273, 2020 WL 3047517, at *2 (N.D.N.Y. June 8, 2020) (quotation omitted). Moreover, the Second Circuit has noted that a district court "must give due deference to the intent of the parties." *Id*. (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)). Indeed, the Supreme Court has explained that, "[m]ost plausibly read, . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Ben D. v. Saul*, No. 5:15-cv-01114, 2020 WL 1935553, at *2 (N.D.N.Y. Apr. 22, 2020) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). Rather, a district court's review of such agreements is "an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

**IV.   DISCUSSION**

The Motion establishes a sufficient basis to approve the requested attorneys' fees under Section 406(b) of the SSA as a result of counsel's successful and efficient representation of Plaintiff resulting in the Award.

The Court's "determination of a reasonable fee under § 406(b) must begin with the

---

[3] Additionally, while "[a]n attorney for a prevailing claimant may seek both SSA and EAJA fees, in the event he succeeds, must give the smaller of the awards to the claimant." *Gallo v. Astrue*, No. 10-CV-1918, 2011 WL 5409619, at *2 (E.D.N.Y. Nov. 8, 2011) (citing *Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988)).

contingency fee agreement[.]" *Ben D.*, 2020 WL 1935553, at *2 (quoting *Wells*, 907 F.2d at 370). As an initial matter, there is no indication that the requested fee is out of line with the representation or the results Plaintiff's counsel achieved, nor is there any suggestion that counsel delayed or attempted to delay resolution of this litigation. Additionally, there is no indication that Plaintiff's counsel engaged in fraud or overreaching to arrive at this result. Finally, the Court notes that Defendant does not oppose the Motion. *See* Dkt. No. 32 at 1. Accordingly, the Court must determine whether an award of the attorneys' fees requested would amount to a windfall for Plaintiff's counsel or whether it is reasonable.

Plaintiff's counsel seeks an award of $22,522.25 in attorneys' fees, which is 25% of the past-due benefits that the Administration awarded Plaintiff. *See* Dkt. No. 30-1 at ¶ 6. The 25% contingency fee results from an arrangement agreed to by Plaintiff and his counsel. *See* Dkt. No. 30-2. Plaintiff's counsel notes that attorneys and paralegals at his firm spent a total of 34.6 hours on the matter before this Court. *See* Dkt. No. 30-1 at ¶ 9; Dkt. No. Dkt. No. 30-4 at 2-4. Awarding Plaintiff's counsel the total amount sought would result in a *de facto* hourly rate of $790.66 for both attorney and paralegal time. This hourly rate is within the range of what courts have generally considered to be reasonable in a case with experienced counsel who provided quality and efficient representation. *See Fields v. Kijakazi*, 24 F.4th 845, 856 (2d Cir. 2022) (approving *de facto* rate of $1,556.98 as reasonable); *Kristen E. H. v. Comm'r of Soc. Sec.*, No. 6:21-CV-962, 2023 WL 122612, at *3 (N.D.N.Y. Jan. 6, 2023) (approving a $1,197 *de facto* hourly rate and collecting cases approving comparable or higher rates). Indeed, Plaintiff's counsel "has extensive experience practicing social security law and representing claimants before the Social Security Administration and in the United States District Court." *Osborne v. Comm'r of Soc. Sec.*, No. 6:11-cv-553, 2014 WL 701893, at *2 (N.D.N.Y. Feb. 24, 2014) (referring to Plaintiff's counsel). Therefore, the Court

4

finds that the requested amount is reasonable.

## V.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for an award of attorneys' fees under the 42 U.S.C. § 406(b)(1), Dkt. No. 30, is **GRANTED in the amount of $22,522.25**; and the Court further

**ORDERS** that, upon receipt of the $22,522.25 in attorneys' fees, Plaintiff's counsel is directed to immediately refund Plaintiff the EAJA fee award of $6,647.90; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 3, 2025
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

5